IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEROME ROYSTER,**

    Petitioner,

    v.

**CYNTHIA MAUSSER, et al.,**

    Respondent.

Case No. 2:15-cv-01345
Judge Frost
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 1), Respondent's *Motion to Dismiss* (ECF No. 7), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED** and that the *Petition* be **DISMISSED** as unexhausted.

Petitioner was convicted of aggravated murder, kidnapping, rape, aggravated robbery, and grand theft; his original death sentence was commuted in 1978 and Petitioner was sentenced to a term of imprisonment of 35 years to life. *Petition*, p. 2. *See also Exhibits 3, 4 to Motion to Dismiss* (ECF No. 7-1, PageID# 44-45). The *Petition* does not challenge this conviction or sentence, however. Rather, Petitioner alleges that the Ohio Parole Board applied post-1996 guidelines in denying him release on parole in violation of the *Ex Post Facto* Clause. Respondent contends that the *Petition* must be dismissed as unexhausted.[1] Petitioner has not responded to the *Motion to Dismiss*.

---

[1] Respondent also argues that Petitioner failed to adequately specify grounds for relief. However, this Court reads the *Petition* as asserting an *ex post facto* claim.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts.  *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993).  If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim.  28 U.S.C. § 2254(b), (c).  Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review.  *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

In Ohio, a declaratory judgment action may be pursued in order to challenge the constitutionality of the application of parole guidelines.  *See Mubashshir v. Sheldon*, 2012 WL 11134, at *5 (N.D. Ohio Jan. 3, 2012)(citing *Hattie v. Anderson*, 68 Ohio St.3d 232, 235 (1994); *Curtis v. Ohio Adult Parole Authority*, Case No. 04AP–1214, 2006 WL 23248 (Ohio App. 10 Dist. Jan.5, 2006); *State of Ohio v. Hall*, Case No.2003–T–0114, 2004 WL 2785544 at * 11 (Ohio App. 11 Dist. Dec.6, 2004)).  There is no evidence in the record that Petitioner has presented his claim in any Ohio court. It therefore appears that Petitioner has failed to exhaust his claim for habeas corpus relief.

**Recommended Disposition**

The Magistrate Judge therefore **RECOMMENDS** that Respondent's *Motion to Dismiss* the action as unexhausted (ECF No. 7) be **GRANTED** and that that the action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 *s/ Norah McCann King*<br>United States Magistrate Judge 

November 6, 2015